UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES                                                                                    Plaintiff

v.                                                                       Criminal Action No. 3:25-cr-163-RGJ

ISHIA REYES                                                                                     Defendant

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Defendant Ishia Reyes ("I. Reyes") filed a motion to dismiss "With Prejudice on Sixth Amendment Grounds." [DE 26]. The United States responded in opposition. [DE 36]. For the reasons below, the Motion to Dismiss [DE 26] is **DENIED.**

**PROCEDURAL BACKGROUND**

Because this case is a reindictment of the criminal charges originally indicted in *United States v. Reyes,* Case No. 3:22-cr-79-RGJ ("CR-79"), the procedural background of the original case is necessary.

**A. CR-79.**

On August 2, 2023, a federal grand jury charged I. Reyes, along with co-defendants Sansareya Reyes, Dominique Pruitt, and Romell Taylor, in a twelve-count indictment. [CR-79 DE 1]. I. Reyes was specifically charged with conspiracy to possess with intent to distribute controlled substances in violation of 21 U.S.C. §§ 846, 841(b)(1)(A), (b)(1)(C) (Count 1) and distribution of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 18 U.S.C. § 2 (Counts 2, 5, 8). [*Id.*].

CR-79 was declared complex on December 21, 2022, pursuant 18 U.S.C. §§ 3161(h)(7)(A), 3161(h)(7)(B)(ii), based on "the voluminous amount of discovery already

provided by the United States," "the anticipation of providing additional discovery," and "the nature of the prosecution and complexity of the facts." [CR-79 DE 54 at 205]. On March 15, 2023, I. Reyes moved for production of exculpatory evidence. [CR-79 DE 60]. On May 3, 2023, the Court "granted [the motion for production] to the extent that it seeks disclosure of these materials and denied to the extent it seeks immediate disclosure thereof." [CR-79 DE 62].

On June 20, 2023, I. Reyes filed an unopposed motion for extension of time to file his motion to suppress which the Court granted. [CR-79 DE 66; CR-79 DE 67]. The motion asserted that "Counsel for [I.]. Reyes has diligently reviewed all discovery provided and has determined that discovery items necessary to prepare the Motion to Suppress are missing" and that "the United States has confirmed the existence of the missing items and that they will provide them to counsel for [I.] Reyes." [CR-79 DE 66 at 231]. Another unopposed motion for extension of time was filed on July 26, 2023, and granted on July 28, 2023, stating that "Counsel for the United States is working to provide some of the missing items to counsel for Mr. Reyes and confirm that other requested items do not exist." [CR-79 DE 76 at unavailable page ID #; CR-79 DE 78]. A third motion for extension of time was filed on August 25, 2023, and granted on August 29, 2023, stating that missing discovery was just obtained from the United States and defense counsel needed an opportunity to review and complete preparation of the motion. [CR-79 DE 81 at unavailable page ID #; CR-79 DE 82]. The motion to suppress was finally filed September 11, 2023. [CR-79 DE 83].

The United States then requested two extensions of time to respond, which were granted without objection from I. Reyes, and the response was finally filed October 16, 2023. [CR-79 DE 84; CR-79 DE 85; CR-79 DE 86; CR-79 DE 89; CR-79 DE 87]. Two extensions for reply were also requested and granted with the matter being fully briefed on November 13, 2023. [CR-79 DE

2

90; CR-79 DE 91; CR-79 DE 92; CR-79 DE 94; CR-79 DE 95]. The matter was ultimately submitted to the Magistrate Judge on August 7, 2024, and denied on R&R to the Court dated October 10, 2024. [CR-79 DE 115]. Objections were filed November 8, 2024. [CR-79 DE 121].

On March 18, 2025, I. Reyes filed a motion to dismiss for violation of the Speedy Trial Act. [CR-79 DE 129]. The Court overruled I. Reyes' objections to the R&R on March 26, 2025, and denied the motion to dismiss on April 16, 2025. [CR-79 DE 143; CR-79 DE 150]. This matter was then transferred to the undersigned on July 11, 2025, for purposes of trial. [CR-79 DE 161]. I. Reyes then renewed his motion to dismiss. [CR-79 DE 188].

On October 17, 2025, this Court dismissed without prejudice Defendant Ishia Reyes ("I. Reyes") from *United States v. Reyes,* Case No. 3:22-cr-79-RGJ ("CR-79") pursuant to a motion to dismiss for speedy trial act violations. *United States v. Reyes,* 2025 WL 2978536 (W.D. Ky. Oct. 17, 2025). [CR-79 DE 208 at *15]. The Court also denied I. Reyes' motion to dismiss with prejudice for Sixth Amendment violations. *Id*. at *13. After this Courts' Order was issued, the three remaining Defendants filed motions to dismiss, asserting Speedy Trial Violations similar to I. Reyes. The motions were originally filed in CR-79 but eventually transferred to CR-163. [CR-163 DE 14; CR-163 DE 22; CR-163 DE 24; CR-163 DE 32].

On the same night the Court published I. Reyes' order on his motion to dismiss, the United States filed a criminal complaint against I. Reyes on the same charges as the prior indictment. [CR-163 DE 1]. All defendants were then indicted by a grand jury a few days later, on October 22, 2025. [CR-163 DE 5].On October 29, 2025, the Court held an in-person status conference and arraignment of all Defendants. [CR-163 DE 16]. At the status conference, the United States moved to dismiss without prejudice the other named defendants from CR-79, close that matter, and continue forward solely on CR-163. The Defendants did not object, and the Clerk of the Court

3

accordingly dismissed the other individuals without prejudice from CR-79 and closed the case. [CR-79 DE 219; CR-163 DE 23]. Therefore, only CR-163 remains. Any motions filed and pending in CR-79 were transferred to CR-163. [CR-163 DE 14; CR-163 DE 22; CR-163 DE 24; CR-163 DE 36]. This matter was then set for trial for December 2, 2025. [CR-163 DE 23].

I. Reyes again moves to dismiss the indictment, with prejudice, for violation of his Sixth Amendment Right to a Speedy Trial. [CR-163 DE 26]. Subsequently, due to unforeseen circumstances, I. Reyes' previous counsel has moved to withdraw, [CR-163 DE 28], and newly retained counsel requested to continue the trial. [CR-163 DE 34]. Since that time, all three co-defendants have plead guilty to the charges in this indictment. [CR-163 DE 40; CR-163 DE 41; CR-163 DE 47]. By agreement of both parties, the Court set April 14, 2026, as the new trial date for I. Reyes. [CR-163 DE 50].

## FACTUAL BACKGROUND

The Court incorporates here by reference the factual background set forth in the Magistrate Judge's Report and Recommendation ("R&R") from CR-79 [CR-79 DE 115] denying I. Reyes's motion to suppress [CR-79 DE 83] and in the memorandum opinion and order overruling I. Reyes's objections and accepting that R&R [CR-79 DE 143].

## DISCUSSION

I. Reyes moves to dismiss based on his Sixth Amendment Right to a speedy trial. [CR-163 DE 26]. I. Reyes claims that an analysis of the Supreme Court four-factor test, set out in *Barker v. Wingo,* 407 U.S. 514 (1972), confirms that the United States violated his Sixth Amendment Right to a speedy trial. He claims that the delay was "extraordinary[,]" that the United States and the Court are responsible for the delay, that he has "consistently and unequivocally" asserted his right

4

to a speedy trial, and that he has suffered severe prejudice as a result of the delay. [CR-163 DE 26 at 175-177].

### I. Standard

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy . . . trial." U.S. Const. Amend. VI. As a result, the Sixth Amendment "places an 'affirmative constitutional obligation' on the prosecuting sovereign as whole—its prosecutors, courts, and legislature—to 'try the defendant in a timely manner.'" *United States v. Schuster*, 135 F.4th 1037, 1047–48 (6th Cir. 2025), *cert. denied sub nom.* No. 25-5973, 2025 WL 3507068 (U.S. Dec. 8, 2025) (quoting *United States v. Brown*, 169 F.3d 344, 349 (6th Cir. 1999) (citation omitted)).

In determining whether the delay, which is defined as the interval between accusation and a defendant's trial, violates the Sixth Amendment the Court must examine the following: "(1) whether the delay was uncommonly long; (2) the reason for the delay; (3) whether the defendant asserted his right to a speedy trial; and (4) whether prejudice resulted to the defendant." *United States v. Bass*, 460 F.3d 830, 836 (6th Cir. 2006) (citing to *Barker,* 407 U.S. 514). No one factor is necessary or sufficient to satisfy the test, but "they are related factors and must be considered together with such other circumstances as may be relevant." *Barker,* 407 U.S. at 530. Thus, the Court must "engage in a difficult and sensitive balancing process" between the four factors. *Barker*, 407 U.S. at 533. The Court will only examine the last three factors if a delay is "presumptively prejudicial" which occurs when the interval between accusation and trial approaches "one year." *United States v. Schreane*, 331 F.3d 548, 553 (6th Cir. 2003). And it is "possible for a delay that does not violate the Speedy Trial Act to run afoul of the Sixth

Amendment's guarantee of a speedy trial." *United States v. Casas*, 425 F.3d 23, 34 (1st Cir. 2005). However, it is an extremely "high bar" for a defendant to meet. *Schuster*, 135 F.4th at 1055.

**II.    Analysis**

*1.   Length of delay*

The first factor, length of delay, "serves two functions." *Schuster*, 135 F.4th at 1048. The first function is the "threshold requirement." *Schreane*, 331 F.3d at 553. The length of delay is "measured from the earlier of the date of indictment or arrest to the defendant's trial." *Bass*, 460 F.3d at 836. The Court must determine if one year has passed since the earlier of either of those events. *Id.* Second, if the threshold of one year is met, the total length of the delay then serves "as a measure of the severity of the prejudice suffered by an accused." *Rice v. Warden, Corr. Inst.*, 786, F. App'x 32, 34 (6th Cir. 2019). But there are no "bright-line rules for measuring the impact of the delay's length." *Schuster*, 135 F.4th at 1048.

I. Reyes was arrested on August 4, 2022. [CR-79 DE 1]. Although I. Reyes has been reindicted, the time is measured from the *original* indictment for Sixth Amendment purposes. *United States v. Holyfield*, 802 F.2d 846, 848 (6th Cir. 1986). Over three years have passed since the original indictment. Therefore, this matter is "presumptively prejudicial," and the Court "continue[s] [its] examination of the remaining factors." *Schreane*, 331 F.3d at 553.

*2.   Reason for delay*

"The Supreme Court has established a hierarchy of justifications for presumptively prejudicial delay." *United States v. Watford*, 468 F.3d 891, 902 (6th Cir. 2006).

> A deliberate attempt to delay the trial in order to hamper the defense should be weighted heavily against the government. A more neutral reason such as negligence or overcrowded courts should be weighted less heavily but nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant. Finally, a valid reason, such as a missing witness, should serve to justify appropriate delay.

*Barker*, 407 U.S. at 531. "The government and, for that matter, the trial court are not without responsibility for the expeditious trial of criminal cases." *Barker*, 407 U.S. at 527, n. 27. The purpose of the second factor is to determine who is more at blame, the prosecuting sovereign or the Defendant. *See Maples v. Stegall*, 427 F.3d 1020, 1026 (6th Cir. 2005); *Schuster*, 135 F.4th at 1049 ("[A]n essential aspect of determining reasonability under *Barker* is assigning responsibility for delays. Two possible responsible parties exist: the defendant and the prosecuting sovereign, which includes its prosecutors and courts."). Additionally, "[t]he *Barker* framework initially assigns the responsibility for the time necessary to adjudicate defense motions to the defendant." *Schuster*, 135 F.4th at 1050.

I. Reyes alleges distinct, but related, periods of delay. First, he states there were "several weeks" of delay due to extensions in suppression briefing. [CR-163 DE 26 at 175]. Those extensions were necessary due to "missing Discovery" and related bodycam footage. [*Id.*] "It was a search for these bodycam recordings . . . that spurred the request for extensions." [*Id.*]. Second, the matter was delayed because of the length of time it took for the Court to refer the motion to the Magistrate Judge, stating that it "became clear" that the "court" was not moving the case forward. [*Id.*]. And third, a delay resulted from the time it took the Court to decide the motion. [*Id.*]. The combination of the extended suppression briefing, delay in searching for body camera footage, delay in referring the issue, and delay in finalizing the Court's ruling, led to the present three-year delay that I. Reyes alleges violates his Sixth Amendment right.

First, the Court considers the delay caused by requested extensions in the suppression briefing. [CR-163 DE 26 at 175]. "The *Barker* framework initially assigns the responsibility for the time necessary to adjudicate defense motions to the defendant." *See Schuster*, 135 F.4th at 1050; *see also United States v. Loud Hawk*, 474 U.S. 302, 316–17, 106 S.Ct. 648, 88 L.Ed.2d 640

7

(1986) (noting that when a defendant seeks "the aid of the judicial process," he assumes the risks associated with "the deliberateness that a court employs in reaching a decision" (citation omitted)).

Here, the requested extensions came from both the defendant and from the United States, and both related to I. Reyes requests for additional discovery, and specifically, body camera footage of the arrest and sweep of the residence to determine whether the drugs located in the toilet were in fact in plain view. [CR-79 DE 66; (Defendant's first motion for extension of time stating that counsel has "determined that discovery items necessary to prepare the Motion to Suppress are missing" and "the United States has confirmed the existence of the missing items and that they will provide them to counsel for Mr. Reyes."); CR-79 DE 76 (Defendant's second motion for additional time Defendants stating that "Counsel for Mr. Reyes has diligently reviewed all discovery material that has been provided but is still missing necessary items to prepare the Motion to Suppress . . . Counsel for the United States is working to provide some of the missing items to counsel for Mr. Reyes and confirm that other requested items do not exist."); CR-79 DE 81 (Defendant's third motion for extension of time asserting that "[m]issing [d]iscovery was obtained this week . . .but the additional Discovery requires a brief amount of extra time to prepare the Motion to Suppress. Defense counsel anticipates filing the Motion at the end of next week, but two weeks are being requested in an abundance of caution."); CR-79 DE 84 (United States' first request for additional time to respond to the motion to suppress); DE 86 (United States' second request for additional time)].  Importantly, I. Reyes did not object to either of the United States requests for extension of time and then in replying to the United States, I. Reyes again moved the Court for multiple extensions. [CR-79 DE 90; CR-79 DE 92]. Overall, the Court granted seven extensions for the motion to suppress. These extensions, which heavily contributed to the overall delay, are an "appropriate delay" by the Court, and the "responsibility for the time necessary to adjudicate

8

[the] motion[]" remains with I. Reyes. *Schuster*, 135 F.4th at 1054 (stating that "Schuster delayed his own trial" through "repeated requests for continuances . . . and requesting extensions").

I. Reyes cites to both *Vermont v. Brillon*, 556 U.S. 81, 90 (2009) and *United States v. Graham,* 128 F.3d 372, 374 (6th Cir. 1997) for the proposition that the above delay must ultimately be charged to the United States, not the Defendant, and that I. Reyes should not bear the burden of court management problems. [CR-163 DE 26 at 176]. As stated above, I. Reyes contends that much of the unreasonable delay was due to missing discovery from the United States. [*Id.* at 175]. That is, "a search for [] bodycams recordings" that led to the requests for extensions in his suppression briefing, ultimately leading to the delay. [*Id.*]. The United States contends that they did not have the body camera footage at first. But after finding the footage and sharing it with I. Reyes, both Parties agreed that there was "no body cam footage of [the] arrest" but only from the scene. [CR-79 DE 190 at 1147 ("There is no body camera footage of Reyes' arrest.")]. It understandably took multiple extensions from the United States to respond to the initial motion to suppress as it takes time to thoroughly search for something that does not exist. [CR-79 DE 84; CR-79 DE 86]. And, importantly, the "missing discovery" then did not meaningfully alter the outcome of the motion to suppress.

I. Reyes points to *Graham* to demonstrate that the majority of the blame should be on the United States, and that the factor should heavily weigh in his favor. [CR-163 DE 26 at 175-77]. I. Reyes bases this argument upon the United States' actions regarding the handling of bodycam footage and the United States' "failure" that led to the delay. [*Id.* at 175]. In *Graham*, the Sixth Circuit found held that an eight-year delay fell primarily "on the government and on the district court." 128 F.3d at 375. Much of the delay either resulted from United States' made motions, or the United States withholding information that the court specifically asked for, sometimes for over

an entire year. *Id.* ("The government also took nearly one year to provide the district court with the name of a Department of Justice official which the court had explicitly requested."). Because of that, the Sixth Circuit held that this factor strongly favored the Defendants. But the present facts are distinguishable from *Graham.* The United States did not make any motions aimed at slowing down the discovery, nor are there any allegations that the United States improperly withheld discovery in its possession. Unlike *Graham*, there was no court order specifically requesting bodycam footage with which the United States failed to comply. *See Graham,* 128 F.3d at 375. That is not to suggest that the United States' performance in searching for the bodycam footage was without any fault. However, there is no evidence of bad faith, nor does I. Reyes provide any evidence of such bad faith. *Cf. Maples*, 427 F.3d at 1034 (holding that a lengthy delay, *and bad faith* by the United States warranted a dismissal). As a result, even though there was a long delay in retrieving the body cam footage, which I. Reyes points to as the main source of the original delay, the United States still prosecuted I. Reyes with "reasonable diligence." *Young*, 657 F.3d at 418.

Some delay falls on *both* parties for the multiple extensions, with the "initial responsibility for the time necessary to adjudicate defense motions to the defendant." *Schuster,* 135 F.4th 1050; *see also Wilson v. Mitchell,* 250 F.3d 388, 395 (6th Cir. 2001) ("This inquiry, however, is not a search for a blameless party. We are instead concerned with who 'is more to blame for that delay.'" (quoting *Doggett*, 505 U.S. at 651)). As these extensions were first requested for the purpose of filing a defensive motion, and second, were for the United States to determine whether certain additional requested discovery existed, which it did not, these delays are assigned to the defendant as time necessary to adjudicate defense motions. *See Schuster*, 135 F.4th at 1050.

10

Next, the Court considers the length of time it took for the Court to refer the motion to the Magistrate Judge and to decide the motion. [CR-79 DE 112; CR-79 DE 115]. The question is "whether the time taken [by the court] to adjudicate pretrial motions is reasonable or justified." *Id.* If a delay becomes unreasonable, then the cause of that delay is "attributed to the district court." *Id.* But Sixth Circuit "[p]recedent does not provide clear guidance for evaluating when a district court unreasonably delays in its adjudication of pretrial motions." *Id.* For example, in *Bass*, the Sixth Circuit found the case so complex, that a six-year delay *was* reasonable because it involved a "large-scale drug and murder conspiracy that, at one point, encompassed seventeen defendants." 460 F.3d at 837. In *Maples*, the Sixth Circuit found a delay that consisted of twenty-five months, and bad faith by the United States, was enough to be unreasonable and warranted a dismissal. 427 F.3d at 1034. In *Schuster*, the Sixth Circuit found that it was "unreasonable for the district court to take more than eighteen months" to rule on certain motions, "even if they presented issues of some complexity." *Id.* And although not binding upon this Court, in *Casas*, the First Circuit found that although a forty-one-month delay caused "great concern" it was outbalanced by 350 pretrial motions and 60 defendants, and thus no Sixth Amendment violation occurred. 425 F.3d at 34-35.

Here, the timeframe that the motion to suppress, which presented several issues, remained unruled on is not as extreme as the examples mentioned above, such as *Schuster* which took eighteen months. Between the time of I. Reyes's reply in his motion to suppress briefing on November 13, 2023, and I. Reyes' own filing to revoke his detention on February 23, 2024, his suppression brief was pending, with no other motions, for roughly three months. In addition, I. Reyes notes the time it took for the Court to refer the motion to the Magistrate Judge, approximately nine months later. While these delays may be attributable primarily to the district court, the Court must also look at the surrounding factors. *Schuster*, 135 F.4th at 1049. Notably,

11

roughly 35 of the 40 months since I. Reyes appeared were validly excluded from the Speedy Trial Act due to the case being declared complex. And as previously noted, I. Reyes agreed to this designation.

"When the government causes [any of] the delay, the question turns from *who* caused the delay to *why* the delay occurred." *Schuster,* 135 F.4th at 1052 (emphasis in original). For this factor to support I. Reyes, I. Reyes does *not* need to demonstrate that the district court was purposefully "attempt[ing] to delay the trial in order to hamper [his] defense." *Barker*, 407 U.S. at 531. It may be enough for I. Reyes that a court's mistake is due to negligence or overcrowding. *Schuster*, 135 F.4th at 1052. But in those circumstances, negligence by the court is "weighted less heavily" towards the Defendant compared to a "deliberate attempt to delay" by the court. *Id.* And as discussed previously, a delay may also be caused by a "valid reason" which "serves to 'justify appropriate delay.'" *Id.* (quoting *Barker*, 407 U.S. at 531).

Although the Court delayed its referral to the Magistrate Judge, and ruling on the motion, there was *no purposeful ill intent* by the Court. *Schuster*, 135 F.4th at 1052. That is, there is no evidence that the Court had any "deliberate attempt to delay" the matter. *Barker*, 407 U.S. at 531. But instead, after I. Reyes' own multiple extensions, the subsequent delay in referring, and ruling, on the motion, is more likely due to negligence by the Court than any other factor. And judicial negligence should be *appropriately* weighted against the prosecuting sovereign. *See Schuster,* 135 F.4th at 1048, 1052. (stating that the Constitution places an "affirmative constitutional obligation" on the "prosecuting sovereign as a whole—its prosecutors, courts, and legislature.")

Separately, I. Reyes contends that the transfer of the case from the previous judge to the undersigned resulted in further unreasonable delay. [DE 26 at 176-177]. But there have not been any lengthy delays because of the transfer. In CR-79, there have been zero non-excludable days

that accrued for purposes of the Speedy Trial Act since that matter was transferred. *United States v. Moss*, 217 F.3d 426, 429 (6th Cir. 2000) (holding that in a Sixth Amendment analysis, courts can consider similar factors in the context of the Speedy Trial Act). And again, zero days have accrued in CR-163 as well. [CR-163 DE 23].

With blame attributable to all parties, some for the litigation of the defensive motion to suppress and requests for extension to review discovery by the Defendant, related to the search for body camera video by the United States, and some for the Court's delay in deciding the motion to suppress, we must next determine who "is more to blame" for the delay. *Doggett*, 505 U.S. at 651.

> Considering the case in its totality, the delay attributable to the district court cannot overcome the weight that is owed to [I. Reyes'] responsibility for the majority of the overall delay. That conclusion aligns with our precedent. We have repeatedly held that even where some period of delay is attributable to the government, the second factor can still weigh against the defendant if he is responsible for a significant period of the overall delay.

*Schuster*, 135 F.4th at 1052 (citing *Zabawa*, 719 F.3d at 563 and *United States v. Brown*, 498 F.3d 523, 531 (6th Cir. 2007). That is the case here.

And even if this factor were to slightly favor I. Reyes, based upon the Court's negligence in deciding the pretrial motions, the factor would be afforded "less weight" than it otherwise would because of the lack of bad faith by the United States or the Court. *United States v. Robinson*, 455 F.3d 602, 607 (6th Cir. 2006) (holding that although the district court delay weighs in favor of the defendant, it is a "neutral" reason and is weighted "less heavily").

### 3. *Whether the defendant asserted his right to a speedy trial*

A "defendant's assertion of his speedy trial right . . . is entitled to strong evidentiary weight in determining whether the defendant is being deprived of the right." *Barker*, 407 U.S. at 531-32. But the Defendant must "do more than merely assert his right." *Schuster*, 135 F.4th at 1052. The Court can look to "timing, force, frequency" and "surrounding litigation conduct." *Id.* Through

13

this litigation, I. Reyes has filed one motion for a speedy trial [CR-79 DE 128] and three motions to dismiss based on speedy trial violations. [CR-79 DE 129; CR-79 DE 188; CR-163 DE 26]. However, I. Reyes did not assert his rights to a speedy trial until two and a half years into this matter.

On December 2, 2022, I. Reyes consented to this case being declared complex, which took it out of the strict confines of the Speedy Trial Act as the reasons for complexity remained present through the matter. [CR-79 DE 53; CR-79 DE 54]. In his first motion, dated February 26, 2025, to set a new trial date [CR-79 DE 128 at 626], he stated that he "is ready for trial and objects to any further delays." [*Id.*]. On March 18, 2025, I. Reyes filed a motion to dismiss for violation of the Speedy Trial Act. [CR-79 DE 129]. On March 19, 2025, the United States filed a second superseding indictment. [CR-79 DE 130]. On April 29, 2025, the Court held a telephonic status conference with all counsel, and "[a]fter discussion, and by *agreement of counsel*," set a trial date for September 30, 2025, and pretrial conference schedule leading up to the trial date. [CR-79 DE 154, entered on May 5, 2025] (emphasis added). Then on August 5, 2025, the United States filed a third superseding indictment. [CR-79 DE 171].

In *Bass*, the Sixth Circuit held that that filing motions to dismiss based on speedy trial rights is enough for this factor to favor the Defendant. 460 F.3d at 837. However, more recently, the Sixth Circuit has held Defendants to a *higher* standard. *Schuster*, 135 F.4th at 1052 (stating that asserting your right to a speedy trial is "not enough to place the third factor in [defendant's] favor"); *United States v. Allen*, 86 F.4th 295 (6th Cir. 2023) (per curiam), and *United States v. Williams*, 753 F.3d 626, 633 (6th Cir. 2014). In *Williams*, the Sixth Circuit held that "stop-and-go conduct" and "numerous pretrial motions" that impeded that case factored against the Defendant because those actions "cast[s] doubt on the sincerity" of the Defendant even if the Defendant has

14

asserted their right to a speedy trial. 753 F.3d at 633. Although I. Reyes has pushed for a speedy trial, it has come later in the proceedings and after "numerous pretrial motions." And although he is asserting his speedy trial rights now, I. Reyes could have pushed for a trial date much earlier in this litigation, as he did at the last pre-trial conference, and asked the Court to rule on his pending motions, but instead continued to file other pretrial motions that could "cast doubt on the sincerity" of his speedy trial assertion. *Williams*, 753 F.3d at 633; *United States v. Thomas*, 167 F.3d 299, 305 (6th Cir. 1999) (holding that "failure to assert his rights in a timely fashion weighs heavily against his Sixth Amendment claim.")

The Court is *not* stating that I. Reyes has waived his Sixth Amendment Right to a speedy trial, as I. Reyes alleges. [CR-163 DE 26 at 177]. Instead, the Court is emphasizing that the Sixth Circuit has recently held this factor to a higher standard than simply asserting the right for a speedy trial. *Schuster*, 135 F.4th at 1052. And since this motion was filed, I. Reyes has moved to continue the trial. [CR-163 DE 34]. The Sixth Circuit has held that this type of conduct, "consenting to delays, then objecting to delays, only to consent once again" undermines the sincerity of a request for a speedy trial. *Schuster*, 135 F.4th at 1053.

Therefore, this factor now likely weighs against I. Reyes. *Schuster*, 135 F.4th at 1053-54 (holding that because of Schuster's "mixed signals," it "strips his assertion" of much force and therefore "doomed" the third *Barker* factor).

### 4. Whether prejudice has resulted

"When the delay is lengthy and attributable to bad faith by the government, no showing of prejudice is required." *United States v. Brown*, 169 F.3d 344, 350 (6th Cir. 1999). However, "negligence lies between these two extremes." *Id.* at 351. "While not compelling relief in every case where bad-faith delay would make relief virtually automatic, neither is negligence

automatically tolerable simply because the accused cannot demonstrate exactly how it has prejudiced him." *United States v. Mundt*, 29 F.3d 233, 236 (6th Cir. 1994). And when the United States has shown "reasonable diligence [] pursu[ing] a defendant" the Defendant must show the alleged delay caused actual prejudice. *Brown*, 169 F.3d at 350.

"The Supreme Court has identified three defense interests that a court should consider in a speedy trial case when determining whether a defendant suffered actual prejudice: (1) oppressive pretrial incarceration; (2) anxiety and concern of the accused; and (3) the possibility that the defense was impaired." *Bass*, 460 F.3d at 837 (citing to *Barker*, 407 U.S. at 532). I. Reyes has not argued any anxiety or concern of the accused, but instead, his arguments primarily focus on the first and third factor.

### i. Oppressive pretrial incarceration

Regarding the first factor, the Court is sympathetic to the concerns of I. Reyes and his detention. However, under Sixth Circuit precedent a three-year delay is not presumptively prejudicial. That is, a three-year delay falls in-between and is more fact dependent. *See United States v. Jackson*, 473 F.3d 660, 667 (6th Cir. 2007) (holding a two-year delay was not prejudicial); *see also, Brown*, 169 F.3d at 351 (holding a five-year delay prejudicial). However, in *Barker,* the Supreme Court stated that "prejudice was minimal" despite an "extraordinary" five-year delay. 407 U.S. at 533-34. Therefore, to determine if a three-year delay is prejudicial, the Court must examine the surrounding factors in "concert" with the length of time. *Schuster*, 135 F.4th at 1054. Also, I. Reyes has not demonstrated, outside of actual incarceration, any *oppression* from the incarceration. I. Reyes simply states that he has "endured oppressive pretrial incarceration." [CR-163 DE 26 at 177]. And without more evidence, or a presumptively prejudicial timeframe, the Court cannot find substantial prejudice under this prong. *Jackson*, 473 F.3d at 667 (stating that

the "[two-year] delay in this case was not so long to justify an inference of prejudice"); *see also Watford*, 468 F.3d at 907-08 (rejecting any "bright-line rule" of oppressive pretrial length and requiring the Defendant to produce "particularized [] prejudice."). The Court moves onto the next potential interest.

### ii. Anxiety and Concern

I. Reyes states he has suffered "psychological distress." [CR-163 DE 26 at 175]. But he has not provided any further statements or evidence of this distress. In *Schuster*, the Sixth Circuit rejected an argument that the COVID-19 pandemic led to enough anxiety and concern to constitute prejudice. 135 F.4th at 1054-55. The Sixth Circuit did not credit Schuster's arguments because Schuster did not complain or allege any prejudice stemming from the incarceration until his motion to dismiss. *Id.* Here, I. Reyes shares that similarity. I. Reyes has not expressed substantial concerns about his detention or his "psychological distress" until this motion. [CR-163 DE 26 at 176]. That "cannot move the needle" in his direction. *Id.* at 1055. Because of that, the Court primarily focuses on factor three. *Bass*, 460 F.3d at 836 (stating that if interest one and two are either not argued or demonstrated, interest three is the central focus).

### iii. Impairment of the Defense

The third factor is the most vital in this analysis, "because the inability of a defendant adequately to prepare his case skews the fairness of the entire system." *Barker*, 407 U.S at 532. I. Reyes contends the length of his detention has prejudiced him and burdened his in-custody preparation. [CR-163 DE 26 at 178]. However, the Sixth Circuit has already rejected this reasoning in other cases. *See Schuster*, 135 F.4th at 1055. Accordingly, without a further showing, it is impossible for this court to discern the prejudice from I. Reyes' vague and unsupported assertions. *See Bass*, 460 F.3d at 838.

But the Sixth Circuit has also held that "it is not always necessary for a defendant to pinpoint with specificity how the delay prejudiced his defense." *Brown*, 169 F.3d at 351 (citing to *Doggett*, 505 U.S. 647, 648 (1992) (holding that an affirmative showing of actual prejudice was not necessary because the delay was six years). But, in those situations, "*presumptive* prejudice cannot alone carry a Sixth Amendment claim." *Id.* (emphasis added).

A speculation of prejudice, however, is insufficient to meet this showing. *Brown*, 169 F.3d at 351. Typically, as long as the United States prosecuted the case with "reasonable diligence" a Defendant "who cannot demonstrate how his defense was prejudiced *with specificity* will not make out a speedy trial claim." *United States v. Young,* 657 F.3d 408, 418 (6th Cir. 2011) (emphasis in original) (internal citations omitted); *see also United States v. Smith,* 2025 WL 2487318, at *7 (E.D. Tenn. Aug. 28, 2025) (holding that because the Defendant failed to demonstrate "any lack of reasonable diligence by the Government" the fourth factor favored the United States).

I. Reyes points to *Schreane* to demonstrate that the loss of counsel constitutes prejudice under the fourth *Barker* factor. [CR-163 DE 26 at 178]. But the prejudice analysis conduct by the Sixth Circuit in *Schreane* focused on the testimony of certain witnesses, and how the delay in the matter caused the testimony of witnesses to be "cloudy" or "dimmed." *Schreane*, 331 F.3d at 559. It did not relate to the loss of counsel. Also, the Sixth Circuit held that no prejudice existed in that case. *Id.* Thus, I. Reyes' reliance on *Schreane* is misguided.

Still, the loss of counsel may constitute prejudice in certain circumstances. "[T]he complete denial of counsel during a critical stage of a judicial proceeding mandates a presumption of prejudice." *Roe v. Flores Ortega*, 528 U.S. 470, 483 (2000); *see also United States v. Cronic*, 466 U.S. 648, 659 n.25 (1984). That is, for a loss of counsel to constitute prejudice, it must be both (1) complete and (2) during a critical stage of a judicial proceeding. *See French v. Jones*, 332 F.3d

18

430, 436 (6th Cir. 2003). This argument fails at the first prong. To begin, I. Reyes was never denied counsel. Although his counsel had to withdraw for medical purposes, [CR-163 DE 28 Motion to Withdraw as Attorney], I. Reyes was only without counsel for that day. His new counsel filed a Notice of Attorney Appearance the next day. [CR-163 DE 32]. As a result, I. Reyes was not without counsel during a "critical stage of the proceeding."

And last, the Sixth Circuit has routinely held that medical related delays do not typically constitute prejudice when the "prosecution did nothing to cause the delay." *United States v. Woods*, 88 F. App'x 827, 828 (6th Cir. 2004); *see United States v. Jones*, 2023 WL 1861317, at *8 (6th Cir. 2023) (holding that a delay from COVID-19 did not constitute prejudice); *see also Schuster,* 135 F.4th at 1054-55 (holding that the Defendant cannot use a medical related delay to constitute prejudice when their "own conduct prevents placing any serious weight on [the] prejudice").

***

Because I. Reyes cannot demonstrate more than speculative prejudice, the showing by I. Reyes is insufficient to constitute sufficient prejudice. Therefore, I. Reyes has failed to demonstrate sufficient prejudice and this factor sides with the United States.

### 5. *Balancing the factors*

Based upon the above factors, with delays contributable to the Defendant, the Court, and the United States, the prosecuting sovereign has not violated I. Reyes' Sixth Amendment rights. That is, the Court cannot find that I. Reyes clears the "high bar" to obtain the "severe remedy" of dismissal with prejudice. *Schuster*, 135 F.4th 1056; *Barker*, 407 U.S. at 522.

Thus, on balance, the United States did not violate I. Reyes' Sixth Amendment right to a speedy trial. The Court should have done more to move the case forward, and the Court was the "primary cause" of some of the noted delays. *Schuster*, 135 F.4th 1056. But the speedy trial

analysis is "necessarily relative. It is consistent with delays and depends upon circumstances." *Barker,* 407 U.S. at 522. And sometimes, "[e]ven if all four *Barker* factors are satisfied, a court is not required to conclude that a defendant's speedy trial right has been violated." *United States v. Sutton,* 862 F.3d 547, 562 (6th Cir. 2017) (holding that although the trial court was at fault for the delay, "on balance, it cannot be said that Defendant's Sith Amendment right to a speedy trial was violated.") The Sixth Amendment does not "impose a code of judicial and prosecutorial best practices" but instead "imposes a consideration of the totality of the circumstances." *Schuster*, 135 F.4th 1056. I. Reyes does not meet this "high bar." *Id.* I. Reyes' motion to dismiss is denied.

## CONCLUSION

For the reasons stated, and the Court being otherwise sufficiently advised, **IT IS ORDERED** that I. Reyes's Motion to Dismiss for Speedy Trial Violations [CR-163 DE 26] is **DENIED**.

Rebecca Grady Jennings, District Judge
United States District Court

December 10, 2025