UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                                                    Plaintiff

v.                                                                   Criminal Action No. 3:25-CR-163-RGJ-RSE

ISHIA REYES                                                                                  Defendant

\* \* \* \* \*

**MEMORANDUM OPINION & ORDER**

This matter is before the Court on the Motion of Defendant, Ishia Reyes ("Reyes" or "Defendant"), to review the Magistrate Judge's detention order. [DE 58]. The United States responded. [DE 62]. Reyes additionally moved for hearing and/or ruling. [DE 89]. This matter is now ripe for adjudication. The Court has reviewed the parties' filings, the full audio of the detention hearing, and has sufficient information. For the reasons set forth below, no hearing is necessary and Defendant's motion to review [DE 58] is **DENIED** and motion for hearing and/or ruling [DE 89] **DENIED as moot**.

**I.     BACKGROUND**

This case is a reindictment of the criminal charges originally indicted in *United States v. Reyes,* Case No. 3:22-cr-79-RGJ ("CR-79"). In that case, was charged with I. Reyes with Conspiracy to Possess with Intent to Distribute Controlled Substances, Distribution of Methamphetamine, Distribution of Controlled Substances (Methamphetamine and Fentanyl), Possession with Intent to Distribute Controlled Substances (Methamphetamine, Fentanyl, and Cocaine), Possession of a Firearm by a Prohibited Person and Possession of a Firearm in Furtherance of Drug Trafficking. [CR-79 DE 171]. United States Magistrate Judge Regina S. Edwards ordered Reyes be detained, after holding a detention hearing with testimony and offers

1

of proof, finding that Reyes did not introduce sufficient evidence to rebut the presumption of detention under 18 U.S.C. 3142(e)(3), and finding that the United States proved by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community. [DE 22]. Reyes moved to reopen his the issue of his detention and the Magistrate Judge held a reopened detention hearing (in which further proof and testimony were presented), ultimately ruling that Reyes did not meet his burden to reopen detention. [DE 103]. Reyes filed a motion to revoke his detention [DE 108], which was denied by the Court after holding a hearing and finding Reyes failed to meet his burden to revoke detention. [DE 113].

On October 17, 2025, this Court dismissed the charges against Reyes without prejudice in *United States v. Reyes,* Case No. 3:22-cr-79-RGJ ("CR-79") pursuant to a motion to dismiss for speedy trial act violations. *United States v. Reyes,* 2025 WL 2978536 (W.D. Ky. Oct. 17, 2025). [CR-79 DE 208 at *15]. That same day, the United States filed a criminal complaint against Reyes on the same charges as the prior indictment in the present case *United States v. Reyes,* Case No. 3:25-cr-163-RGJ ("CR-163"). [CR-163 DE 1]. All defendants were then indicted by a grand jury a few days later, on October 22, 2025. [CR-163 DE 5]. This matter is set for trial on April 14, 2026. [DE 50].

Reyes was arraigned on October 21, 2025 and remanded to the custody of the U.S. Marshal. [CR-163, DE 4]. Magistrate Judge Edwards held a detention hearing on October 22, 2025 and entered an Order of Detention Pending Trial pursuant to 18 U.S.C. § 3142. [CR-163, DE 17, DE 18, DE 19]. During the detention hearing, Reyes's counsel argued he should be released because of his length pre-trial detention (his counsel also admitted that this fact did not rebut the presumption in favor of detention) and argued that he should be placed on home detention with his

father serving as third-party custodian. The Magistrate Judge considered Reyes's arguments but held during the hearing and by subsequent order that he failed to rebut the presumption of detention and that the United States proved by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community. [DE 19]. The Magistrate Judge explained that Reyes is charged with serious crimes involving controlled substances and firearms, and that he has a significant prior criminal history which includes prior violations of parole or supervised release. [*Id.*]

On February 12, 2025, Reyes filed the instant motion to review his detention order. [DE 58]. He argues he should be released because he will better be able to meet with his lawyers and prepare for trial while on home detention with a third-party custodian and GPS monitoring. [*Id.*] He argues he can produce to the Court "a residence with two third-party custodians, who have staggered work shifts" and will wear a GPS ankle monitor and placed on home confinement. [DE 58 at 454]. The United States responded in opposition. [DE 62].

## II.    STANDARD OF REVIEW

18 U.S.C. § 3145(b) governs review of detention orders and provides that "[i]f a person is ordered detained by a magistrate judge . . . that person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly." This Court reviews a Defendant's appeal of an order of detention *de novo*. *United States v. Leon*, 766 F.2d 77, 81 (2d Cir.1985).

Under the Bail Reform Act, a defendant must be detained pending trial if a judge "finds that no condition or combination of conditions will *reasonably assure* the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(emphasis added); *see also United States v. Hansen*, 108 F. App'x 331, 332 (6th Cir. 2004)(noting that the

requirement is not one of "guarantee," but instead "reasonable assurance"). In determining whether there are conditions of release that will reasonably assure the appearance of the defendant and the safety of the community, the district court considers four factors:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including—
>
> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

18 U.S.C. § 3142(g)(1)-(4). A judge's finding that no set of conditions will reasonably assure the appearance of the person and/or the defendant poses a threat to the safety of any other person in the community must be supported by clear and convincing evidence. *Id.* at § 3142(f)(2)(B). Proof of risk for flight is determined by a preponderance of the evidence. *United States v. Kirk*, No. 93-1459, 1993 US App. LEXIS 12069 at 2 (6th Cir May 13, 1993).

### III. DISCUSSION

    **1. Presumption of detention under § 3142(e).**

Section 3142(e) of the Bail Reform Act requires judicial officers making pretrial detention decisions to apply a "rebuttable presumption," in certain types of cases. Specifically, when the judicial officer finds that there is probable cause to believe that the defendant committed one of the crimes listed in § 3142(e)(3), there is a presumption in favor of detention: "[s]ubject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." *Id*. at § 3142(e)(3). The presumption of § 3142(e)(3) imposes a burden of production on the defendant, requiring the defendant to come forward with evidence that he poses no danger to the community or is a risk of flight. However, even when a defendant satisfies his burden of production, the presumption favoring detention does not disappear entirely but remains a factor to be considered among those weighed by the court. *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). It is the government's ultimate burden to prove that no conditions of release can assure that the defendant will appear and to assure the safety of the community. *Id*. at 947.

The indictment charges Reyes with violating 21 U.S.C. §§ 841(a)(1) and 846 and 18 U.S.C. § 924(c)(1)(A) [CR-163 DE 1], which carry a maximum term of imprisonment of 10 years or more and prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.). The indictment is sufficient to establish probable cause to believe Reyes committed the charged offense. *Stone*, 608 F.3d at 945 (citing *United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985) and stating "[a] grand jury indictment, by itself, establishes probable cause to believe that a defendant committed the crime with which he is charged."). This finding of probable cause triggers the presumption of detention under §3142(e)(3). Additionally, both parties agreed during the detention hearing with

the Magistrate Judge and in the present briefing that this is a presumption case. Accordingly, it is undisputed that the presumption of detention applies.

At the detention hearing, Reyes argued that he could rebut the presumption of detention. Reyes asserted he has endured a lengthy pretrial detainment in this case and that although that does not directly rebut the presumption of detention it should be considered. He further argued he is a life-long resident of the community and has family in the community. He also asserted that he could be on home detention staying with his father. He asserts in the present motion that he can present two third-party custodians with staggered work shifts, and a willingness to be on GPS monitoring and home confinement. As the Magistrate Judge found, the Court does not find that these factors overcome the presumption, but even if they had, the presumption remains a factor to be considered by the Court along with the other factors listed in § 3142(g).

   **2. Factors to be considered under § 3142(g).**

   i. <u>Nature and circumstances of the offense charged.</u>

First, the Court considers "the nature and circumstances of the offense charged," but this is especially significant in instances where "the offense . . . involves a controlled substance, [or a] firearm." 18 U.S.C. § 3142(g)(1). Here, the nature and circumstances of the offense charged are serious and pertain to Reyes's involvement with a drug trafficking conspiracy and distributing large quantities of methamphetamine and fentanyl. In addition, Reyes is a convicted felon charged with possessing and using a firearm in furtherance of these crimes. The United States proffered at the detention hearing that Reyes possessed a firearm at the time of arrest. The United States also filed a notice of information in the indictment of a prior serious violent felony offense pursuant to 21 U.S.C. 851. [CR-163 DE 1]. Accordingly, this factor weights in favor of a finding of detention.

ii. <u>Weight of the evidence against the Defendant.</u>

Second, as to the weight of the evidence against Reyes, this factor specifically refers to the weight of the evidence of dangerousness and not the weight of the evidence of guilt. *Stone*, 608 F.3d at 948. The United States has proffered that Reyes was present in a residence at the time of his arrest where firearms and controlled substances were seized and that he was engaged in armed drug trafficking for approximately a year. The United States has alleged that Reyes is a member of the Victory Park Crips street gang. [CR-79, DE 192, Notice of Intent to Introduce Evidence of Other Acts]. The Court finds, as the Magistrate Judge did at the detention hearing, substantial evidence of Reyes's dangerousness. Accordingly, this factor weighs in favor of detention.

iii. <u>History and characteristics of the Defendant.</u>

Third, the Court considers the history and characteristics of Reyes which include a wide range of factors such as the defendant's character, family ties, employment, financial resources, criminal history, and whether, at the time of the current offense or arrest, the defendant was on release pending trial. Here, Reyes is a life-long resident of the community and has family ties in the community. Before committing the offenses in this case, Reyes was convicted in state court of felony robbery, assault, promoting contraband, and enhanced drug offenses. The United States proffered at the detention hearing, and as set forth in the bond report, Reyes has previously violated the terms of mandatory re-entry supervision (following his release from state prison) and was ordered returned to prison.

Here, Reyes's criminal history indicates a risk of re-offending and of violating release, as he has previous violations of probation, and his prior criminal history includes charges which are much like the charges levied in this case. This history evidences a danger to the community, in

addition to the charge itself which involves large quantities of controlled substances and firearms. Overall, this factor weighs in favor of detention.

                iv.  <u>Nature and seriousness of the danger to any person or the community.</u>

Fourth, the nature and seriousness of the danger to any person or the community that would be posed by Reyes's release must be considered. Given Reyes' criminal history and violation of supervised release, the Court finds, as the Magistrate Judge did at the detention hearing, that this factor weighs in favor of detention. Further, given his history, it does not appear Reyes would be able to be supervised. The Court does not find that a GPS ankle monitor and home confinement to be sufficient to assure the risk to the community.

       **3. Temporary release under Section 3142(i).**

Finally, although Reyes moves for review only under 18 U.S.C. § 3145(b), the Court notes that 18 U.S.C. 3142(i) provides that a "judicial officer may . . . permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." 18 U.S.C. 3142(i). As its plain language reveals, this provision applies in rare situations when release is "necessary" for preparation of a defendant's case or another "compelling reason." 18 U.S.C. § 3142(i). "[T]he need to prepare a defense or other compelling reason under Section 3142(i) are not additional factors the Court may consider in evaluating whether to detain a defendant in the first place; those factors are in Section 3142(g) only." *United States v. Villegas*, No. 2:19-CR-568-AB, 2020 WL 1649520, at *2 (C.D. Cal. Apr. 3, 2020). Section 3142(i) presumes that a Court has already determined that the defendant must be detained pending trial, which is true as to Reyes, but permits a "subsequent order" for release to the "custody of a United States marshal or another appropriate person" for the two limited

reasons of defense preparation or other "compelling reason." *Id*. Additionally, the release must be "temporary," no longer than needed to complete the "necessary" defense preparations or to resolve the other "compelling" circumstances. *Id*. A defendant bears the burden of establishing circumstances warranting temporary release under 18 U.S.C. § 3142(i). *See United States v. Clark*, No. 19-40068-01-HLT, 2020 WL 1446895, at *2 (D. Kan. Mar. 25, 2020); *United States v. Buswell*, No. 11-CR-198-01, 2013 WL 210899, at *5 (W.D. La. Jan. 18, 2013) (collecting cases).

Reyes does not invoke Section 3142(i) in his motion, but he implies that he needs to be on home confinement with a third-party custodian to prepare for trial with his counsel. [DE 58 at 453]. However, Reyes provides no detail as to why he is unable to prepare his defense while in detention or any other compelling reason that would justify such release. Moreover, the trial in this matter remained scheduled for December 1, 2025 after the case was reindicted [DE 23], and Reyes did not move for review of his detention before then or raise an issue as to his ability to prepare with the Magistrate Judge. Reyes alleges no changes since that time that would support his request or that he is somehow unprepared. While it is understandable that such preparation would be easier from home confinement, Reyes must demonstrate it is necessary or provide another compelling reason. Reyes has not met his burden of demonstrating that such release is in fact necessary for preparation of his defense or another compelling reason.

### IV.   CONCLUSION

After reviewing the relevant materials *de novo*, and the audio recording from Magistrate Judge's detention hearing, the Court concludes that there is no condition or combination of conditions to reasonably assure the safety of the community; therefore, Reyes should remain in the custody of the United States Marshals Service pending trial of this matter. Further, Reyes has

not met his burden to demonstrate why he should be entitled to a temporary release to prepare for trial.

Accordingly, **IT IS ORDERED** that Defendant's motion to review detention order [DE 58] is DENIED and motion for hearing and/or ruling [DE 89] DENIED as moot.

*Rebecca Grady Jennings, District Judge*
*United States District Court*

March 4, 2026

Copies to:    Counsel of record
              Probation Office